**WEIL, GOTSHAL & MANGES LLP**
DAVID R. SINGH (SBN 300840)
David.Singh@weil.com
201 Redwood Shores Parkway, 4th Floor,
Redwood, CA 94065
Telephone: 650-802-3000
Facsimile: 650-802-3100

CHANTALE FIEBIG (*pro hac vice forthcoming*)
Chantale.Fiebig@weil.com
DAN NADRATOWSKI (*pro hac vice forthcoming*)
Daniel.Nadratowski@weil.com
2001 M Street, NW Suite 600
Washington, DC 20036
Telephone: 202-682-7000
Facsimile: 202-857-0940

*Counsel for Defendants Iron Mountain Incorporated
and Iron Mountain Secure Shredding, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FIRST J PRODUCTIONS, INC., on behalf of itself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IRON MOUNTAIN, INC. and IRON MOUNTAIN SECURE SHREDDING, INC.,<br><br>Defendants. | Case No. 2:25-cv-04412<br><br>**NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of California for the County of Los Angeles, No. 25STCV05424) |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Iron Mountain Incorporated and Iron Mountain Secure

Shredding, Inc. (together, "Iron Mountain") hereby give Notice of Removal of this action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. Removal to this Court is proper because (1) this Court has jurisdiction over the case, and (2) the Central District of California, Western Division is the district and division embracing the place where the state court litigation is pending. Iron Mountain appears specifically for the purpose of removal and preserves any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. In support of this Notice of Removal, Iron Mountain states as follows:

## PLAINTIFF'S AMENDED COMPLAINT

1. Named Plaintiff First J Productions, Inc., individually and on behalf of all others similarly situated, commenced this action by filing a Complaint on February 26, 2026 in the Superior Court of California for the County of Los Angeles, bearing the Case Number 25STCV05424 (the "Removed Action"). That Complaint was never served on Defendants. On April 15, 2025, Plaintiff filed an Amended Complaint. *See* Exhibit A.

2. On April 21, 2025, Defendants signed a Notice and Acknowledgment of Receipt for the Amended Complaint and ancillary documents served by Plaintiff. *See* Exhibit G. Service was therefore complete on April 21, 2025 under California law. *See* Cal. Code Civ. P. § 415.30(c).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the process, pleadings, and orders served on Defendants in the Removed Action are attached hereto as Exhibits A–F.

4. The Amended Complaint asserts claims for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, and breach of contract based on allegedly deceptive billing practices relating to Fuel Surcharge and Shred Administration fees by Iron Mountain. Am. Compl. ¶¶ 35–47.

5.  Plaintiff purports to bring a putative class action on behalf of "[a]ll persons or entities in California who, within the applicable statute of limitations preceding the filing of this action, were assessed a Fuel Surcharge or a Shred Administration fee."  Am. Compl. ¶ 52.  Because the Amended Complaint asserts claims for violations of the UCL, which carries a statute of limitations period of four years, *see* Cal. Bus. & Prof. Code § 17208, the class period as pleaded is four years (hereinafter the "Class Period").

6.  This removal is effected and has been timely filed within the period allowed for removal under 28 U.S.C. §§ 1446(b) and 1453(b).

7.  As set forth more fully below, this Court has jurisdiction over this matter and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## JURISDICTION UNDER CAFA

8.  The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (partially codified at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the proposed class contains at least 100 members, and (4) the amount in controversy is more than $5,000,000 in the aggregate.  28 U.S.C. § 1332(d)(2), (d)(5).  Each of these four requirements is satisfied in this case.

9.  First, this case is a purported class action.  *See* Am. Compl. ¶¶ 52–61 ("CLASS ALLEGATIONS").

10.  Second, this case satisfies the CAFA minimal diversity requirement: that "any member" of the plaintiff class be a citizen of a state different from "any defendant."  28 U.S.C. § 1332(d)(2)(A).

11.  Defendant Iron Mountain Incorporated is incorporated in Delaware and has its principal place of business in New Hampshire.  Declaration of Michael Eisert ("Eisert Declaration") ¶ 4.

12.  Defendant Iron Mountain Secure Shredding, Inc. is incorporated in

Delaware and has its principal place of business in New Hampshire. *Id.*

13. Named Plaintiff First J Productions, Inc. alleges that it is incorporated in California and has its principal place of business in California. Am. Compl. ¶ 14. Named Plaintiff is therefore "a citizen of a State different from any defendant" because it is a citizen of California, while Defendants are citizens of Delaware and New Hampshire. 28 U.S.C. § 1332(d)(2)(A).

14. Third, the putative class consists of at least 100 members. Plaintiff seeks to represent all "[a]ll persons or entities in California who, within the applicable statute of limitations preceding the filing of this action, were assessed a Fuel Surcharge or a Shred Administration fee." Am. Compl. ¶ 52. Plaintiff asserts that "the Class members are well into the thousands." Am. Compl. ¶ 54.

15. Fourth, the amount in controversy exceeds $5,000,000, exclusive of costs and interest. To satisfy this requirement, Iron Mountain does not need to show that the named plaintiff or any individual class member has a particular amount at stake in excess of a jurisdictional amount; rather, Iron Mountain need only show that the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

16. The Amended Complaint states that Plaintiff seeks compensatory and punitive damages, injunctive relief, disgorgement, restitution, and attorneys' fees. Am. Compl. at 16–17. Iron Mountain disputes that Plaintiff or any class member is entitled to any relief. However, the amount in controversy reflects the amount put "at stake" by the Amended Complaint, regardless of Plaintiff's likelihood of recovery or what Defendants will actually owe if Plaintiff prevails. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." (citing *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

17. Plaintiff states in the Amended Complaint that it seeks restitution under the UCL, among other forms of monetary relief, for Fuel Surcharge and Shred

Administration Fees paid during the Class Period. Am. Compl. ¶ 77. Plaintiff alleges that Iron Mountain "committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting [] the presence and nature of its Shred Administrative Fees and its Fuel Surcharges," and thereby "deceived Plaintiff and Class members[] into making purchases they otherwise would not make." Am. Compl. ¶¶ 69, 75. Plaintiff thus alleges that the putative class members are owed at least restitution for the value of the Fuel Surcharge and Shred Administration fees paid to Iron Mountain during the Class Period. Attached hereto is the Eisert Declaration, which states that from 2021 through 2024, Iron Mountain Secure Shredding, Inc. customers in California were charged in excess of $5,000,000 in Fuel Surcharge and Shred Administration fees.

18. The Eisert Declaration therefore establishes that the requisite minimum amount in controversy is satisfied because the Amended Complaint placed at least $5,000,000 in controversy.

## REMOVAL PROCEDURES

19. The CAFA removal statute states that class actions may be removed to federal court "in accordance with section 1446," and "that such action may be removed by any defendant." 28 U.S.C. § 1453(b).

20. Consistent with 28 U.S.C. § 1446, Iron Mountain is providing this Notice of Removal, which contains the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Notice of Removal has been prepared and signed by an authorized attorney pursuant to Federal Rule of Civil Procedure 11. *Id.*

21. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.

22. By filing this Notice of Removal, Iron Mountain expressly preserves and does not waive any defenses that may be available to it. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Iron Mountain does not concede that the jurisdictional amount is recoverable. Rather, Iron Mountain denies that any amount or relief is recoverable by the Plaintiff or the putative class.

23. Consistent with the requirements of 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Iron Mountain in the Removed Action are attached hereto as Exhibit A–F.

24. Service on Iron Mountain was completed on April 21, 2025, when Defendants signed a Notice and Acknowledgment of Receipt for the Amended Complaint and ancillary documents, pursuant to Cal. Civ. Proc. Code § 415.30. *See* Exhibit G. This Notice is filed within 30 days of service and is therefore timely pursuant to 28 U.S.C. § 1446(b).

25. WHEREFORE, Iron Mountain removes the state court action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

Dated: May 16, 2025

WEIL, GOTSHAL & MANGES LLP

By: */s/ David R. Singh*

David R. Singh

*Counsel for Defendants Iron Mountain Incorporated and Iron Mountain Secure Shredding, Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Iron Mountain Incorporated and Iron Mountain Secure Shredding, Inc., certifies that this brief contains 1514 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 16, 2025                                    WEIL, GOTSHAL & MANGES LLP

                                                                        */s/ David R. Singh*
                                                                        David R. Singh